**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **DILLINGER, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 1:12-cv-714-WTL-TAB** |
| | ) | |
| **THE POUR HOUSE ON LINCOLN, INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ENTRY ON MOTION TO DISMISS**

All of the Defendants move to dismiss this case for lack of personal jurisdiction. The Court, being duly advised, **GRANTS** the Defendants' motion for the reasons set forth below.[1]

At issue in this suit are two trademarks owned by the Plaintiff, one for "DILLINGER'S" and the other for "PUBLIC ENEMIES." Both trademarks are registered for restaurant services. The Plaintiff alleges in this suit that the Defendants are infringing upon their trademark rights in various ways by operating a restaurant in Chicago, Illinois.

In the instant motion, the Defendants assert that this Court lacks personal jurisdiction over them. When a defendant challenges the Court's personal jurisdiction over it, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Where, as here, a motion to dismiss is resolved without an evidentiary hearing, the plaintiff's burden is satisfied if it makes a prima facie case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir.

---

[1]Defendants The Pour House on Lincoln, Inc., Mary Olsen, and William Olsen originally filed the motion to dismiss. After service was effected on Defendant Donald Druse, he moved to join in the motion. That motion to join (dkt. no. 22) is **GRANTED** and the Court now considers the motion to dismiss as having been filed by all of the Defendants.

2003). "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (citations omitted).

This court's jurisdiction over non-resident defendants is coextensive with that of Indiana's state courts. *Hyatt Int'l Corp. V. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). As such, this court's ability to exercise personal jurisdiction involves two inquiries: first, whether the requirements of Indiana's long-arm statute are met; and, second, whether the defendant is amenable to suit in this court under the Due Process clause of the 14th Amendment. *Purdue Research Found.*, 383 F.3d at 779. Indiana's long-arm statute is found in Indiana Trial Rule 4.4(a). Rule 4.4(a) authorizes Indiana's courts—and this court by extension—to exercise personal jurisdiction over non-residents "on any basis not inconsistent with the Constitutions of this state or the United States." *Anthem Ins. Cos. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227 (Ind. 2000). Since Indiana's long-arm statute extends jurisdiction to its Constitutional limits, the Due Process clause forms the outer edge of this Court's personal jurisdiction over non-resident defendants.

Due process requires that a non-resident defendant have "certain minimum contacts with [Indiana] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940)). These contacts arise from either the defendant's general activities within the forum or through the defendant's activities relating to the underlying litigation that are directed toward the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). These two categories of personal

jurisdiction are commonly known as “general” and “specific” jurisdiction. *Id.* at 414 n.8, 415, n.9.

“[G]eneral jurisdiction allows a defendant to be sued in the forum regardless of the subject matter of the litigation.” *Purdue Research Found.*, 383 F.3d at 787. The test for general jurisdiction is stringent and this Court may only exercise it if the plaintiff shows that the defendant has “continuous and systematic general business contacts” with the forum. *Helicopteros*, 466 U.S. at 416. In other words, a defendant’s contacts with Indiana “must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an Indiana court in any litigation arising out of any transaction or occurrence taking place anywhere in the world.” *Purdue Research Found.*, 338 F.3d at 787.

The Plaintiff concedes that this Court may not exercise general jurisdiction over the Defendants. The issue before the Court, then, is whether it may exercise specific jurisdiction over the Defendants in this case.

A court has specific jurisdiction over a non-resident defendant when the basis of the suit “arises out of or is related to” the defendant’s contacts with the forum state. *Jennings*, 383 F.3d at 549. “To establish specific jurisdiction under . . . minimum contacts analysis, a plaintiff must show that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state and that the exercise of personal jurisdiction over that defendant would comport with traditional notions of fair play and substantial justice.” *Id.* (citations and internal quotations omitted). “The ‘purposeful availment’ requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of ‘random,’ ‘fortuitous,’ or ‘attenuated’ contacts.”

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Furthermore, a plaintiff's "unilateral activity . . . is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of [personal] jurisdiction." *Helicopteros*, 466 U.S. at 417.

The Plaintiff argues that this Court has specific jurisdiction over the Defendants in this case because prior to this case being filed, Defendants Mary Olsen and Donald Druse traveled to Indianapolis to attempt to settle this dispute and negotiate a license agreement with the Plaintiff. According to the Plaintiff, the parties reached an oral agreement; that oral agreement was reduced to writing by the Plaintiff's attorneys, but no written agreement was executed. "The failure of [the Defendants] to execute the agreement, even after further negotiations and revisions, directly and substantially caused this action to be filed" by the Plaintiff. Plaintiff's Response at 3. While this argument wins points for originality, this is not a breach of contract case and the failed attempt at reaching a license agreement is not relevant to any claim in this suit. Accordingly, this case does not arise out of or relate to anything that occurred when Olsen and Druse traveled to Indiana, and that trip is irrelevant to the specific jurisdiction inquiry.

What the Plaintiff is left with, then, is the fact that it is located in Indiana and infringement of its trademarks causes it harm "in Indiana and nationally." However, "the broad proposition that a victim of an alleged intentional tort (or more specifically of alleged trademark infringement) can sue in its home jurisdiction simply because the injury was felt there is not accepted even in the Seventh Circuit." *Nerds on Call, Inc. (Indiana) v. Nerds on Call, Inc. (CALIFORNIA)*, 598 F.Supp.2d 913, 918 (S.D. Ind. 2008) (citing *Wallace v. Herron*, 778 F.2d 391 (7th Cir.1985)). The Plaintiff also points out that, because the restaurant is located in

Chicago, "it is highly probable that there has been advertising in the Chicagoland area, which includes portions of northern Indiana." The restaurant also has an interactive Facebook page that can be directed to Indiana residents. The Plaintiff has not sought leave to conduct discovery to determine whether any such advertising or directed marketing actually has occurred, however. Absent evidence that the Defendants have purposefully targeted Indiana residents with their Facebook page or other advertising,[2] there is simply no basis for this Court to exercise personal jurisdiction over them. *See be2 LLC v. Ivanov*, 642 F.23d 555, 558 (7th Cir. 2011) *(*quoting *Illinois v. Hemi Group, LLC*, 622 F.3d 754, 760 (7th Cir.2010)) ("'Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is interactive.'").

The Plaintiff has failed to satisfy its burden of demonstrating that the Defendants' contacts with Indiana are sufficient to permit this Court to exercise personal jurisdiction over them in this case. Accordingly, the Defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED** and this case is dismissed without prejudice.[3]

SO ORDERED: 10/01/2012

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[2]The Court need not, and therefore does not, examine whether such activities, if proven, would be sufficient to establish personal jurisdiction over the Defendants in this case.

[3]Neither party asks Court to transfer this case as an alternative to dismissal.